# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Marvin Badio,<br><br>                 **Plaintiff,**<br><br>V.<br><br>**G4s Solution USA**<br>**Joseph Scagline**<br>**Mark Spruill**<br>**Brockton Police Department**<br>**Michael Skinner**<br><br>                 **Defendants.** | **CIVIL  Case No.:**<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR A CIVIL ACTION CASE

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, Title I of the civil Rights Act of 1991, the Health Insurance Portability and Accountability Act (HIPPA), the Occupational Safety and Health Act (OSHA) and the Wage Act.


The Plaintiff, Marvin Badio, was subjected to hostile work environment, discrimination based on race, retaliation, wrongful termination, and non-payment of wages by Defendants G4s Solution USA, Joseph Scagline and Mark Spruil. The Defendants Brockton Police Department and Michael Skinner failed to provide the Plaintiff his medical records upon request in violation of of HIPPA and OSHA.

As a result of those violations, the Plaintiff suffered damages including loss of income, emotional damages and violation of his rights established by contract and by law.

## JURISDICATION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331,1337,1343, and 1345. This action is authorized and instituted pursuant to Section 70(f)(1) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"),42 U.S.C § 2000e-5(f)(1) and (3), and section 102 of the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a.

The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court of the Massachusetts.

1. The Plaintiff

   A. The Plaintiff, Marvin Badio, is a citizen of the State of Massachusetts.

2. The Defendants

   A. The Defendant, G4s Solution USA, is incorporated under the laws of the State of Massachusetts, is involved in business in Massachusetts and has its principal of business in Waltham, Massachusetts.

   B. The Defendant, Joseph Scagline, is a citizen of the State of Massachusetts, and the Human Resource Director at the Defendant G4s Solution USA.

   C. The Defendant, Mark Spruill, is a citizen of the State of Massachusetts, and a Manager at Defendant G4s Solution USA

2

COMPLAINT

D. The Defendant, Brockton police, is incorporated under the laws of the State of Massachusetts.

E. The defendant, Micheal Skinner, is a citizen of the State of Massachusetts and an officer of the Brockton Police Department.

3. The Amount in Controversy:

The Plaintiff requests from the Defendants jointly an amount of $200 Million

## FACTS

1. The Plaintiff was employed by the Defendant G4s Solution USA ("G4s") as an unarmed Security Officer from April 2015 to December 2017.

2. On or about August 27, 2015 the Plaintiff informed the Defendant G4s through the Human Resource Department that he was injured on the job. Defendant G4s did not respond to the Plaintiff. As a result of the injury, the Plaintiff had to sustain major surgery on his neck and back and was put on medical leave until October 2015.

3. On December 15, 2016, the Defendant Mark Spruill, informed the Plaintiff that he was qualified for a promotion to become an armed security officer. But in order to qualify for the promotion the Plaintiff has to pass the MMPI mental evaluation test.

4. On December 21, 2016, the Plaintiff took the test.

5. On the same day, Defendant Joseph Scagline congratulated the Plaintiff for the promotion and told him to wait for the scheduling in order to know the location of his new assignment.

6. On December 27, 2016, Defendant Joseph Scagline called the Plaintiff and told him that he was terminated because he did not pass the test. Defendant Joseph Scagline sent an email to the Plaintiff confirming that he was no longer an employee of G4s.

7. On January 27, 2017, the Plaintiff was hired as armed guard for Allied Universal at the Bank of America after passing the required MMPI test. The same test that Defendant Joseph Scagline told Plaintiff he did not pass on December 27, 2016.

8. The Plaintiff had been working as an armed guard for Allied Universal from January 27, 2017 until October 12, 2017, when G4s took over the contract for Bank of America security guards.

9. On October 12, 2017, when Allied Universal lost the bid to G4s for the Bank of America contract, all armed employees were allowed to merge over to G4s, except the Plaintiff.

10. Defendant Joseph Scagline left the Plaintiff a voice mail stating that he is not welcomed to work for G4s and therefore his contract with Allied Universal is terminated.

11. On September 17, 2018, the Plaintiff was hired by St. Moritz as an armed security guard. As a requirement the Plaintiff had to purchase his own gun to work.

12. On September 21, 2018, the Plaintiff made a gun purchase at Outer Limits pro shop in Holbrook Massachusetts. Then afterward the Plaintiff was notified by the store

employees that there was a block on his License To Carry (LTC) and the Plaintiff needed to contact the Brockton Police station and to speak with Defendant LT. Michael Skinner.

13. On September 21, 2018, the Plaintiff met with Defendant Lt Skinner about the matter and Defendant Lt Skinner took the Plaintiff's LTC and told him that his license was suspended.

14. On October 08, 2018, during a meeting with Defendant LT. Micheal Skinner he informed the Plaintiff that his license was revoked and he needed a HIPAA release for his mental security test from Allied Universal so he can compare the results with those of G4s.

15. The Plaintiff asked Defendant Michael Skinner for the results of the mental test evaluation multiple times, Defendant Michael Skinner purposefully refused to provide the results.

16. The plaintiff also requested that G4s provide the results of his mental test evaluation, Defendant G4s purposefully refused to do so.


## Count I

## (Violating Hipaa and Osha)


1. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs in 5, 13, 14, and 15.

2. Defendants are liable to Plaintiffs for damages resulting from defendants actions.

## Count II

**(The Privacy Act of 1974 Impermissible disclosures of protected health information (PHI)**

**Negligence)**

3. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs in 1 through 15 of the complaint.

4. Defendants are liable to Plaintiffs for damages resulting from defendants' negligence.

## Count III

### Title VII of the Civil Rights Act of 1964,

5. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs in 1 through 15 of the complaint.

6. Defendants are liable to Plaintiffs for damages resulting from defendants' discrimination practices.

## Count IIII

### Title I of the civil Rights Act of 1991

7. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs in 1 through 15 of the complaint.

8. Defendants are liable to Plaintiffs for damages resulting from defendants' discrimination practices.

## Count IV MGL c272 §98 Count V

### 804 CMR 3.00.01 (3)

**Fir employment practies law, protect class, (2)applicable law,**

**(4) unlawful employment practices: (a)1.2.3.**

9.  Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs in 1 through 15 of the complaint.

10. Defendants are liable to Plaintiffs for damages resulting from defendants' discrimination practices.

## VI

### General Law- part IV, Title 1, Chapter 268A, Section 2 (2)(3)

11. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs in 13 through 15 of the complaint.

## PRAYER FOR RELIEF

Wherefore, the plaintiff respectfully requests that this Court: A. Grant a permanent injunction enjoining the Defendant G4s Solution USA, and  its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment COMPLAINT 8 practice which  discrimination practices against the plaintiff including denying promotions', violating Hipaa and Osha , creating a hostile environment, Punitive dames, Emotional distress damages, and violating international rights for employee.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and a non-hostile work environment for qualified candidates, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole G4s Solution USA, and  Joseph scagline and the aggrieved individuals by providing appropriate back pay with prejudgment interest in amounts to

COMPLAINT

be determined at trial, front pay, pecuniary losses, compensatory damages including

out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its

unlawful employment practices, the aggrieved individuals whole by providing compensation for

past and future pecuniary losses resulting from the unlawful employment practices described in

paragraph 4 ,5, 6, 7, 8,and 9 above, including but not limited to out of pocket medical expenses

and job hunting expenses.

E. Order the Defendant to make G4s Solution USA, Joseph scagline and the other

aggrieved individuals whole by providing compensation for past and future no pecuniary losses

resulting from the unlawful employment practices described in paragraph 4,5, 6, 7, 8,and 9

above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional

distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order the Defendant to pay G4s Solution USA, Joseph scagline other aggrieved

individuals punitive or exemplary damages for its intentional, malicious conduct or reckless

indifference described and referenced in paragraph described in paragraph 4 ,5, 6, 7, 8,and 9

above, in an amount to be determined at trial.

Order the Defendant to pay Brocton Police Department, Micheal Skinner other aggrieved

individuals punitive or exemplary damages for its intentional, malicious conduct or reckless

indifference described and referenced in paragraph described in paragraph 12, 13, 14, and 15

above, in an amount to be determined at trial.


G. Grant such further relief as the Court deems necessary and proper in the public

interest.

COMPLAINT

H. Award the plaintiff its costs in this action.

## JURY TRIAL DEMAND

The plaintiff requests a jury trial on all questions of fact raised by its Complaint.

I hereby certify that the information contained on each page of this personal data in this complaint is true and correct in all respects, that the information provided herein and in any attached or supplemental information. I hereby, with my respective signature, certify and confirm the contents to be true. Dated: December 24, 2019.

Respectfully submitted,

Marvin Badio
36 Columbia St
Brockton,Ma, 02301
Badio0989@yahoo.com
508-930-3440

X _Mendio_

COMPLAINT