UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARVIN BADIO,
            Plaintiff,

v.                                                       CIVIL ACTION NO. 19-12591-ADB

G4S SOLUTION USA, JOSEPH SCAGLINE,
MARK SPRUILL, BROCKTON POLICE
DEPARTMENT, and MICHAEL SKINNER,
            Defendants.

ORDER

BURROUGHS, D.J.

    1.      Based upon a review of plaintiff Marvin Badio's ("Badio") financial disclosures, the motion for leave to proceed *in forma pauperis* (ECF No. 2) is ALLOWED. *See* 28 U.S.C. § 1915(a)(1). Because Badio is proceeding *in forma pauperis*, the Amended Complaint (ECF No. 4)[1] is subject to screening under 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes the Amended Complaint because he is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

    2.      Badio's motion for appointment of pro bono counsel (ECF No. 5) is hereby DENIED without prejudice, subject to refiling after the defendants not otherwise dismissed by this Order respond to the Amended Complaint. Although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's

---

[1] The Court will respect Badio's apparent decision to withdraw potential claims asserted in the original complaint (ECF No. 1), which are dismissed without prejudice by the filing of the Amended Complaint. The Court takes no position as to the viability of those withdrawn claims or other potential claims.

1

denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. *Id.*; 28 U.S.C. 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* At this stage of the proceedings, the motion is premature and, on this record, Badio has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

3. All claims brought under the Occupational Safety and Health Act of 1970 ("OSHA") and Health Insurance Portability and Accountability Act ("HIPAA"), Counts V, VI, and VII, are <u>DISMISSED</u> with prejudice as to all defendants pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). *Lundgren v. Universal Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019) (holding no private right of action under OSHA); *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (holding no private right of action under HIPAA).

4. All claims brought under Title VII of the Civil Rights Act of 1964, Counts I, II, III,. and VIII, are <u>DISMISSED</u> with prejudice as to all defendants <u>except</u> G4S Solution USA ("G4S"). Individuals cannot be liable under Title VII. *Posada v. ACP Facility Servs., Inc.,* 389 F. Supp. 3d 149, 159 (D. Mass. 2019). As to the Brockton Police Department, it was not Badio's employer and therefore is not amenable to a Title VII claim. Because the Court reads the complaint liberally, however, it construes Count VIII as a 42 U.S.C. §1983 claim against the Brockton Police Department and Michael Skinner, perhaps premised under the equal protection clause of the Fourteenth Amendment to the Constitution. *See Samaan v. Cty. of Sacramento*, No.

216CV00789KJMCKD, 2018 WL 4908171, at *12 (E.D. Cal. Oct. 10, 2018). The Court expresses no opinion as to the merits of such claim.

5.  Summonses shall issue only against defendant G4S, Brockton Police Department and Skinner.  Because all claims against defendants Joseph Scagline and Mark Spruill have been dismissed, these parties are <u>DISMISSED</u> from this action without prejudice. The Clerk shall issue summonses for service of the Amended Complaint only on defendants G4S Solution USA, Brockton Police Department, and Skinner.  The Clerk shall send the summonses, Amended Complaint, and this Order to Badio, who must thereafter serve these defendants in accordance with Federal Rule of Civil Procedure 4(m).  Badio may elect to have service made by the United States Marshals Service.  If directed by Badio to do so, the United States Marshals Service shall serve the summonses, Amended Complaint, and this Order upon these defendants, in the manner directed by Badio, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains Badio's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Badio shall have 90 days from the date of this Order to complete service.

SO ORDERED.

_March 10, 2020_____
DATE

                            _/s/ Allison D. Burroughs_____
                            UNITED STATES DISTRICT JUDGE